**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

PRINCIPAL FINANCIAL SERVICES, INC.,
an Iowa Corporation,

Plaintiff,

-against-

PRINCIPAL CAPITAL LTD.

Defendant.

-------------------------------------------------------------X

CIVIL ACTION NO. ________

**COMPLAINT**

Plaintiff PRINCIPAL FINANCIAL SERVICES, INC. (hereinafter "Plaintiff" or "PRINCIPAL"), for its complaint against PRINCIPAL CAPITAL LTD. (hereinafter "Defendant"), states as follows:

**NATURE OF THE ACTION**

1. In this action, Plaintiff seeks injunctive and monetary relief for acts of trademark infringement, unfair competition and trademark dilution. This action arises under the Lanham Act, Title 15, United States Code § 1051, *et seq*., and the statutes and common laws of the State of New York.

**PARTIES**

2. Plaintiff is a corporation duly organized and existing under the laws of the State of Iowa and located at 711 High Street, Des Moines, Iowa 50392.

3. Plaintiff is the owner of its famous family of PRINCIPAL and PRINCIPAL formative trademarks in the United States and throughout the world. Plaintiff, through its various member companies and licensees, uses its famous family of PRINCIPAL and PRINCIPAL formative trademarks in interstate commerce and throughout the world in connection with a variety of

services including, but not limited to, real estate, investment, investment management, investment advisory, lending, insurance, underwriting, employee benefits, estate planning, tax consultation, financial, banking, mutual funds, retirement, global asset management, and healthcare related services.

4. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of New York with its principal place of business at 4508 Fort Hamilton Parkway, Brooklyn, New York, 11219.

5. Defendant is registered with the New York State Department of State as an active domestic business corporation.

6. Upon information and belief, Defendant offers mortgage and loan related services throughout the State of New York and in interstate commerce under the trade name and service mark PRINCIPAL CAPITAL.

## JURISDICTION AND VENUE

7. This is a civil action arising under the Lanham Act of the United States, 15 U.S.C. § 1051 *et seq.*, subject matter being conferred on this Court under 15 U.S.C. § 1121, 28 U.S.C. § 1332, 28 U.S.C. §§ 1338(a) and (b), and 28 U.S.C. § 1367.

8. This is an action in which the Plaintiffs and Defendants are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

9. This Court has personal jurisdiction over Defendant pursuant to NY CPLR §301 because Defendant transacts business within this District and has sufficient minimum contacts with the State of New York. Defendant has purposefully availed itself of the benefits of doing business in New York by actually transacting business in New York, and can reasonably anticipate being haled into court in New York as a result of those business transactions.

10. In the alternative, this Court has personal jurisdiction over Defendant pursuant to the New York long-arm statute, NY CPLR §302, and such assertion is in accordance with the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Defendant's principal place of business is located in the State of New York and within this District.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c). Defendant markets and offers its services in interstate commerce and within the Eastern District of New York under the PRINCIPAL CAPITAL Mark.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### The Famous PRINCIPAL Family of Trademarks

12. PRINCIPAL and/or its affiliates, licensees or predecessors-in-interest are, and have been for many years, engaged in marketing, advertising and providing a wide variety of real estate, investment, investment management, investment advisory, lending, insurance, underwriting, employee benefits, estate planning, tax consultation, financial, banking, mutual funds, retirement, global asset management, and healthcare related services (hereinafter "Plaintiffs' Services").

13. PRINCIPAL is the owner of its famous family of PRINCIPAL and PRINCIPAL formative trademarks, including, but not limited to, numerous current and subsisting U.S. registrations, pending applications, common law marks, and trade names (hereinafter collectively referred to as the "PRINCIPAL Family of Marks"), which are detailed in Exhibit A, attached hereto.

14. Since at least as early as 1960, PRINCIPAL, via its affiliates, licensees and/or predecessors-in-interest, has used one or more of the marks making up its famous PRINCIPAL Family of Marks in interstate commerce in connection with Plaintiffs' Services, specifically, financial analysis and consulting, management of securities and securities brokerage services.

15. Since at least as early as 1985, PRINCIPAL and/or its affiliates, licensees or predecessors-in-interest have used one or more of the marks making up the PRINCIPAL Family of Marks in interstate commerce in the United States and throughout the world in connection with real estate, investment, investment management, investment advisory, lending, insurance, underwriting, employee benefits, estate planning, tax consultation, financial, banking, mutual funds, retirement, global asset management, and healthcare related services. Examples of such use of the PRINCIPAL Family of Marks are attached hereto as Exhibit B.

16. Plaintiffs have made an enormous investment, exceeding one billion dollars, in advertising and promoting its products and services under the PRINCIPAL Family of Marks. As a result, Plaintiffs have acquired extremely valuable goodwill in association with the PRINCIPAL Family of Marks, which has become famous and distinctive in connection with Plaintiffs' Services. Plaintiffs' customers have come to rely on the PRINCIPAL Family of Marks as a symbol of quality and reliability.

17. Copies of PRINCIPAL'S U.S. trademark registrations are attached hereto as Exhibit C. Said registrations, currently owned by PRINCIPAL, are valid and subsisting, and constitute *prima facie* and/or conclusive evidence of PRINCIPAL'S exclusive right to use its registered marks in connection with the goods and/or services covered by the registrations, *e.g.*, real estate, investment, investment management, investment advisory, lending, insurance, underwriting, employee benefits, estate planning, tax consultation, financial, banking, mutual funds, retirement, global asset management, and healthcare related services. *See* 15 U.S.C. §§ 1115(a) and (b).

18. Since long before the acts of Defendant complained of herein, PRINCIPAL and/or its affiliates, licensees or predecessors-in-interest have continuously used one or more of the marks which comprise its PRINCIPAL Family of Marks in the State of New York and elsewhere in

interstate commerce.

**Defendant's Infringing Acts**

19. Upon information and belief, Defendant offers mortgage and loan related services to individuals in interstate commerce and in channels of trade similar to those of PRINCIPAL and/or its affiliates and/or its licensees (hereinafter "Defendant's Services").

20. Upon information and belief, Defendant operates its business out of an office located at 4508 Fort Hamilton Parkway in Brooklyn, New York with exterior signage depicting the service mark and business name PRINCIPAL CAPITAL (see below).




21. Upon information and belief, notwithstanding PRINCIPAL'S well-established rights in and to the PRINCIPAL Family of Marks and with constructive and/or actual knowledge of same, Defendant commenced use, within the State of New York and in interstate commerce, of the PRINCIPAL CAPITAL Mark in connection with Defendant's Services.

22. Defendant's use of the PRINCIPAL CAPITAL Mark is likely to cause confusion in the

marketplace as to source, origin, sponsorship and/or affiliation with Plaintiff's PRINCIPAL Family of Marks.

23. Defendant's PRINCIPAL CAPITAL Mark is identical or virtually identical and/or confusingly similar to one or more of Plaintiff's PRINCIPAL Family of Marks.

24. Plaintiff's Services and Defendant's Services as well as the classes of consumers who purchase such services are identical or virtually identical.

25. Defendant adopted the PRINCIPAL CAPITAL Mark without the express or implied consent of Plaintiff.

26. At no time did Plaintiff authorize, license or otherwise permit Defendant to use and/or display any of the mark making up the famous PRINCIPAL Family of Marks and/or any marks which incorporate PRINCIPAL and/or PRINCIPLE.

27. Upon information and belief, Defendant adopted, used and continues to use the PRINCIPAL CAPITAL Mark with the intent to trade on and/or capitalize on the goodwill symbolized by the famous PRINCIPAL Family of Marks.

28. Defendant has used and continues to use the PRINCIPAL CAPITAL Mark in interstate commerce in connection with Defendant's Services in direct violation of PRINCIPAL'S rights in and to the PRINCIPAL Family of Marks, despite Plaintiff's consistent and ongoing objection to same.

29. In light of Defendant's actual and/or constructive notice of PRINCIPAL'S rights in and to its famous PRINCIPAL Family of Marks, Defendant's actions are willful, deliberate and specifically calculated to trade off of the reputation and goodwill associated with the famous PRINCIPAL Family of Marks.

30. Defendant's past and ongoing use of the PRINCIPAL CAPITAL Mark, which is identical

and/or confusingly similar to one or more of the marks making up the famous PRINCIPAL Family of Marks, has caused substantial harm to Plaintiff, for which there is no adequate remedy at law and unless Defendants are restrained and enjoined by the Court, these acts will continue to cause damage and irreparable injury to Plaintiff by continuing to damage the goodwill associated with the PRINCIPAL Family of Marks as well as Plaintiff's business reputation.

31. Defendant's past and ongoing use of the PRINCIPAL CAPITAL Mark, which is identical and/or confusingly similar to one or more of the marks making up the famous PRINCIPAL Family of Marks, is likely to mislead, deceive and/or confuse the purchasing public as to the source of Defendant's Services.

## COUNT I

## Violation of Section 32(1) of the Lanham Act – Trademark Infringement

32. PRINCIPAL repeats and re-alleges the allegations of paragraphs 1 through 30 as if fully set forth herein.

33. Defendant's use of the PRINCIPAL CAPITAL Mark is likely to cause public confusion, mistake or deception as to the origin or source of Defendant's Services, in violation of the Lanham Act, 15 U.S.C. § 1114(1).

34. Defendant's acts, as alleged herein, constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. § 1117.

35. Defendant's acts, as complained of herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

36. Plaintiff has no adequate remedy at law.

37. Plaintiff has suffered and continues to suffer economic loss directly and proximately

caused by Defendant's acts alleged herein.

**COUNT II**

**Violation of Section 43(a) of the Lanham Act – Unfair Competition**

38. PRINCIPAL repeats and re-alleges the allegations of paragraphs 1 through 36 as if fully set forth herein.

39. Defendant's use of the PRINCIPAL CAPITAL Mark constitutes a false designation of origin, a false or misleading description of fact or a false or misleading representation of fact which is likely to cause confusion, mistake or deception in violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a).

40. Defendant's acts, as alleged herein, constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. § 1117.

41. Defendant's acts, as complained of herein, have caused irreparable injury and damage to Plaintiff, and, unless restrained, will continue to do so.

42. Plaintiff has no adequate remedy at law.

43. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendant's acts alleged herein.

**COUNT III**

**Violation of Section 43(c) of the Lanham Act – Trademark Dilution**

44. PRINCIPAL repeats and re-alleges the allegations of paragraphs 1 through 42 as if fully set forth herein.

45. Based on the inherent and/or acquired distinctiveness of the PRINCIPAL Family of Marks; the duration and extent of PRINCIPAL'S use of the PRINCIPAL Family of Marks; the duration and extent of advertising featuring the PRINCIPAL Family of Marks; the geographic area in

which PRINCIPAL has sold and advertised goods and/or services featuring the PRINCIPAL Family of Marks; the nature of the trade channels PRINCIPAL uses to market goods and/or services featuring the PRINCIPAL Family of Marks compared to the channels through which Defendant sells its services; the degree of public recognition of the PRINCIPAL Family of Marks; and the various federal registrations for the PRINCIPAL Family of Marks, the PRINCIPAL Family of Marks has become famous as contemplated by Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

46. The aforesaid willful and deliberate acts of Defendant, all occurring after the PRINCIPAL Family of Marks became famous, have caused and continue to cause dilution and/or are likely to cause dilution of the famous PRINCIPAL Family of Marks and thus constitute trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Unless Defendant is enjoined from engaging in its wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

47. PRINCIPAL has suffered and continues to suffer economic loss directly and proximately caused by Defendant's actions alleged herein.

**COUNT IV**

**Trademark Dilution under New York Gen. Bus. Law § 360-l**

48. PRINCIPAL repeats and re-alleges the allegations of paragraphs 1-46 as if fully set forth herein.

49. New York General Business Law § 360-l provides that:

> Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of

confusion as to the source of the goods or services.

50. Based on the inherent and/or acquired distinctiveness of the PRINCIPAL Family of Marks; the duration and extent of PRINCIPAL'S use of the PRINCIPAL Family of Marks; the duration and extent of advertising and publicity of the PRINCIPAL Family of Marks in the State of New York; the geographic area in which PRINCIPAL has sold and advertised its goods and services featuring the PRINCIPAL Family of Marks; and the nature of the trade channels PRINCIPAL uses to market goods and services featuring the PRINCIPAL Family of Marks compared to the channels through which Defendant sells its services; the PRINCIPAL Family of Marks has become famous and distinctive throughout the State of New York and PRINCIPAL has built up valuable goodwill in these marks. The PRINCIPAL Family of Marks acquired distinctiveness prior to the time when Defendant commenced use of its infringing PRINCIPAL CAPITAL Mark.

51. Defendant has used and is using the PRINCIPAL CAPITAL Mark in the State of New York to advertise, promote and sell its services.

52. Defendant's use of the PRINCIPAL CAPITAL Mark in the State of New York has caused and continues to cause dilution and/or is likely to cause dilution of the famous PRINCIPAL Family of Marks and to lessen the capacity of said marks to identify and distinguish PRINCIPAL'S Services and thus constitutes trademark dilution in violation of N.Y. Gen. Bus. Law § 360-l.

53. Defendant's use of the PRINCIPAL CAPITAL Mark in the State of New York has caused actual harm and is likely to cause future harm to PRINCIPAL by causing injury to PRINCIPAL'S business reputation.

54. By reason of the foregoing, Defendant has violated N.Y. Gen. Bus. Law § 360-l.

55. Defendant's acts, as complained of herein, have caused irreparable injury and damage to

PRINCIPAL and, unless restrained, will continue to do so. Plaintiff has no adequate remedy at law.

56. PRINCIPAL has suffered and continues to suffer economic loss directly and proximately caused by Defendant's actions alleged herein.

**COUNT V**

**Deceptive Acts and Practices Under New York General Business Law §§ 349 and 350**

57. PRINCIPAL repeats and re-alleges the allegations of paragraphs 1 through 55 as if fully set forth herein.

58. New York General Business Law §349 provides that:

> Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

59. New York General Business Law §350 provide that:

> False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful.

60. PRINCIPAL enjoys well-established common law service mark rights in and to the famous PRINCIPAL Family of Marks, which rights are superior to any rights that Defendant may claim, and has built significant goodwill in same.

61. PRINCIPAL first adopted and used the PRINCIPAL Family of Marks in its market or trade area as a means of establishing goodwill and reputation and to describe, identify or denominate particular goods and/or services rendered or offered by PRINCIPAL and to distinguish them from similar goods and services rendered or offered by others. As a result, Plaintiff's PRINCIPAL Family of Marks has acquired secondary meaning.

62. Defendant has used, in connection with the sale of its services, a term or name that is

identical or confusingly similar to Plaintiff's PRINCIPAL Family of Marks and which is likely to cause and/or has caused confusion or mistake as to the source, affiliation, connection or association of Defendant's Services in that consumers thereof are likely to associate or have associated such services as originating with PRINCIPAL, all to the detriment of PRINCIPAL.

63. Through the advertisement, offer to sell and/or sale of Defendant's Services under the PRINCIPAL CAPITAL Mark, Defendant has engaged in consumer-oriented conduct that has directly and/or indirectly affected the public interest of New York and has resulted in injury to consumers of New York.

64. Defendant's acts as complained of herein are materially misleading to a substantial portion of the consuming public and have deceived and/or are likely to deceive a material segment of the consuming public to whom Defendant has directed Defendant's Services and such acts have cause injury to PRINCIPAL.

65. Through the acts complained of herein, Defendant has willfully engaged in deceptive acts or practices in the conduct of business and the furnishing of Defendant's Services in violation of Section 349 and 350 of the New York General Business Law.

66. Plaintiff has no adequate remedy at law.

67. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendant's actions alleged herein.

## COUNT VI

## Trademark Infringement and Unfair Competition Under New York State Common Law

68. PRINCIPAL repeats and re-alleges the allegations of paragraphs 1 through 66 as if fully set forth herein.

69. PRINCIPAL enjoys well-established common law service mark rights in and to the PRINCIPAL Family of Marks, which rights are superior to any rights that Defendant may claim, and has built significant goodwill in same.

70. PRINCIPAL first adopted and used the PRINCIPAL Family of Marks in its market or trade area as a means of establishing goodwill and reputation and to describe, identify or denominate particular goods and/or services rendered or offered by PRINCIPAL and to distinguish them from similar goods and services rendered or offered by others. As a result, Plaintiff's PRINCIPAL Family of Marks has acquired secondary meaning.

71. Defendant has used, in connection with the sale of its services, a term or name that is identical or confusingly similar to Plaintiff's PRINCIPAL Family of Marks and which is likely to cause and/or has caused confusion or mistake as to the source, affiliation, connection or association of Defendant's Services in that consumers thereof are likely to associate or have associated such services as originating with PRINCIPAL, all to the detriment of PRINCIPAL.

72. Plaintiff has no adequate remedy at law.

73. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendant's actions alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant and grant the following relief:

A. Find that Defendant willfully violated Sections 32(1), 43(a), and 43(c) of the Lanham Act, 15 U.S.C. § 1051 *et seq.*

B. Find that Defendant committed willful acts of trademark dilution and deceptive acts

and practices in violation of New York General Business Law §§ 349, 350 and 360-1.

C. Find Defendant liable for acts of trademark infringement and unfair competition in violation of New York State common law.

D. Preliminarily and permanently enjoin Defendant as well as any officers, agents, servants, employees and attorneys, and all persons in active concert or participation with the Defendant, from use of the PRINCIPAL CAPITAL Mark or any other colorable imitation of any PRINCIPAL or PRINCIPAL formative trade name and trademark in any advertisement, promotion, offer for sale, or sale of any goods or services that are sufficiently similar to those offered by Plaintiff such that confusion is likely;

E. Order an award to Plaintiff of all actual damages and an accounting of any gains, profits and advantages derived by Defendant resulting from the infringing acts complained of herein;

F. Order an award of three times the amount of Plaintiff's damages or Defendant's profits, whichever is greater;

G. Order an award to Plaintiff of all pre-judgment and post-judgment interest to the extent allowed by law;

H. Pursuant to 15 U.S.C. § 1116, order Defendant to file with this Court and serve on Plaintiff within thirty (30) days after issuance of an Order, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the Order;

I. Award Plaintiff all of its costs, disbursements and reasonable attorneys' fees due to the exceptional nature of the case pursuant to 15 U.S.C. § 1117;

J. Award Plaintiff attorneys' fees pursuant to New York General Business Law § 349; and

K. Award Plaintiff other such relief, in law or in equity, as this Court deems appropriate.

Plaintiff hereby demands trial by jury on all issues.

Dated: February 6, 2015
New York, New York

Respectfully submitted,

FOLEY & LARDNER LLP

By: s/Jonathan H. Friedman
Jonathan H. Friedman, Esq.
Sara P. Madavo, Esq.
90 Park Avenue
New York, New York 10016
Tel.: (212) 682-7474
Fax: (212) 687-2329
Email: jfriedman@foley.com
smadavo@foley.com

Of Counsel:
Richard B. Biagi, Esq.
Illinois Bar No. 6274572
**NEAL & McDEVITT, LLC**
1776 Ash Street
Northfield, IL 60093
Tel.: (847) 441-9100
Fax: (847) 441-0911
Email: rbiagi@nealmcdevitt.com

***Attorneys for Plaintiff***